210-0819 on behalf of the Apollons, Ms. Jessica Pamela, on behalf of the Apollini, Ms. Joan. All right, Ms. Pamela, are you ready to proceed? May it please the Court, my name is Jessica Pamela and on behalf of the State Appellate Defender, and I represent the appellant, Mr. Hope Turner, and I would like to reserve five minutes for rebuttal. Your Honor, this Court shall reverse and remand this cause for an evidentiary hearing where Mr. Turner's petition makes a substantial showing that trial counsel is ineffective for failing to investigate and present evidence to support Mr. Turner's defense. Mr. Turner's petition and his supporting documents establish that trial counsel knew of evidence and several witnesses that would have supported a defense that Nicholas's allegations were concocted by his mother, Janet, in retaliation for a failed romantic relationship, but yet counsel did not investigate the evidence, nor did he present it. Attachments, sir? I was just going to ask about that, though. Wasn't that evidence somewhat ambiguous, and didn't counsel take that into account in, really, a trial strategy decision and not to present it? There could have been a downside in presenting that evidence, right? He was a married man. Well, that's what the trial court held in dismissing the petition. However, that ruling was premature because there was no evidence on the record to show that counsel investigated the evidence, and a strategic decision can't be made until counsel has thoroughly investigated the matter. Mr. Turner's allegations, which must be taken as true, are that counsel did not investigate the evidence, that counsel had at his disclosure, Your Honor, police reports and things of that nature that established that there were several witnesses who were available who could have supported this defense. But counsel knew, well, he'd have to know, I think, that his client was a youth minister or youth advocate at a, what is it, Trinity Christian Center, and just that introduces church standards, morality, and to have Mother come on and say, yes, we had an illicit relationship might be more damning than the evidence. And isn't that a strategic decision, knowing just that, that he is a youth minister, very involved with the youth ministry at his church? Well, it could be a strategic decision, but on this record, we don't know that counsel made a strategic decision. We don't know that he investigated it at all. And strategic decisions cannot be made until there's an investigation. So he didn't know that his client was involved with the Trinity Christian Center? There's nothing that would indicate that? Or that he was a youth minister there and that this relationship occurred because the young man was in his youth group? None of those things are obvious from the record? There's nothing on the record that shows that he investigated the evidence that Mr. Turner attached to his petition and that he alleges in his petition. That information is attached to his petition, a signed handwritten police statement by Mr. Turner's wife that was signed on the day of his arrest, and excerpts from the police reports all established that Mr. Turner's pastor, Tim Eddy, his friend, Mark Ashmore, his stepson, Michael Turner, his wife, Ellen, and Nicholas himself had all given statements to police after Mr. Turner's arrest, substantiating that Janet and Mr. Turner did have a bad history, particularly that Janet had been hitting on Mr. Turner, that she had been sending him suggestive text messages and things of that nature, and that eventually they became involved in a romantic relationship, at which point Mr. Turner tried to end the relationship and threatened to expose the relationship because there were rumors going around the church or whatever of the relationship, and Mr. Turner tried to end it, and Janet got angry, and there was a big fight, and there was a meeting, actually, between Mr. Turner and the pastor talking about Janet's threats to bring these false allegations. But let me ask you that. I mean, there are two prongs to Strickland, right? One is prejudice. How has prejudice been demonstrated? But for counsel's supposed errors in this regard, how has your client been prejudiced? Your Honor, motive evidence is very, very persuasive. This evidence would have given a motive for Nicholas to lie. As it stood, counsel presented a defense that Nicholas's allegations were fabricated, but there was nothing to substantiate that. There was nothing to corroborate it. It was just a general theory that counsel proceeded on. He had at his disclosure evidence to back that up. Motive evidence is very, very persuasive. He did not even investigate it, and that is the allegation that must be taken as true at this stage of the proceedings. You know, this motive evidence would certainly show that she would have maybe had bad blood. You know, this bad blood evidence would have some reason to lie on the stand. It might go to her credibility, but we're taking a step past that. We're taking a step to show that she, in fact, fabricated allegations. What evidence was there that she, in fact, fabricated allegations? Well, I mean, this is the evidence that counsel should have investigated. These are the factual allegations that Mr. Turner made in his petition that must be taken as true, and counsel did not investigate that. Mr. Turner says that he gave his counsel tapes where Nicholas is saying on the tapes that I lied, that I fabricated these allegations. None of that was investigated. Well, but the tape says I fabricated it. The tape doesn't say I fabricated it because my mom told me to do that, does it? Well, I haven't heard the tapes, but I don't know what the tapes say. But if the tapes say that he fabricates allegations in that, that supports Mr. Turner's theory that the allegations were fabricated, and the motive would have given that theory, Your Honor, more support and corroboration. And there's no reason why counsel, competent counsel, would not have even investigated the evidence, Your Honor. There's nothing in the record that refutes Mr. Turner's allegations. There's nothing in the record, Your Honor, to rebut that. And an evidentiary hearing is necessary so that counsel can come in and explain. Number one, did he investigate it? Number two, did he investigate it? Was it a strategic decision? These are things that counsel can address at an evidentiary hearing. But the trial court made those findings of fact on his own. He's not allowed to do that at the second stage. Findings of fact cannot be made. Counsel should have been brought in so that the court could determine what was his thought process when he did not investigate or did not present this evidence, Your Honor. Some of this evidence, though, really would have been hearsay, wouldn't it? And if the allegations that were remaining regarding the defendant and Janet's relationship really weren't a big part of this trial either, would have been minimal. So how does that lead to a conclusion that the defendant was prejudiced, given really how this may have come in, how this evidence may have come in, and what part it played in the entire trial? Your Honor, certainly some of the statements would have been admissible as effect upon the listener. Statements that were made that either Janet heard or that Nicholas heard could have been admitted to show what they did after they heard, the effect upon the listener. Some of the statements could have been admitted as prior and consistent statements. Janet and Nicholas both testified. Now, they made statements, they could have been admitted as prior consistent statements because they had personal knowledge of those statements. So some of the statements, and we don't know exactly what the statements are, but could have been admitted as exceptions to the hearsay rule, Your Honor. You don't know about statements on the tape recording? Well, statements from these witnesses. There are several witnesses that Mr. Turner, that he points to in his petition. There's his pastor, his friend who actually goes to the church as well, his wife, his stepson. All of these people gave statements to police after his arrest, verifying that there was indeed this bad blood relationship between Janet and Hoke. Again, that's a huge leap between two people not liking each other and then one of those people actually fabricating criminal allegations against another person. Again, I think it's relevant, certainly, to have this bad blood come out at trial to impeach someone as to why they would want to testify falsely against someone else. But you scour the post-conviction petition for actual allegations of facts as opposed to conclusions, but allegations of facts that would support the basis of a hearing. Where are the allegations of fact that should take us true at this point in time that support him having a hearing on this as opposed to conclusions and just basic testimony of bad blood between these two people? Well, there are allegations of fact that Janet's threat to bring these false allegations was discussed before the pastor, a year prior to the allegations. That was an allegation of fact that Mr. Turner included in his petition that they discussed. Who discussed it? The pastor, Mr. Turner, and his wife. Not Janet. And if Janet was in this conversation, that's one thing. But to say that there are three people sitting around talking about someone else making the allegations, how is that admissible in any way, shape, or form? Well, Your Honor, the allegations have to be taken as true at this point. And the allegations are that this is what happened, that Janet lied, that she made these allegations out of a motive to retaliate against him. Now, the romantic relationship and the motive to testify falsely, these things could have been brought out. Because there were several witnesses who were aware of just, in general, the ongoing things that were going on. Now, the jury could conclude either way from that. But the fact of the matter is that trial counsel did not even investigate it. He went to trial with a general theory that the victim is lying and the jury is wondering, okay, well, why is he lying? So counsel doesn't even give the jury anything to sink their teeth into. The theory is just out there hanging. Well, he's lying. All right, so let's go to what would come next. The victim is lying because his mother and the defendant had a sexual relationship and it went sour. That's a reason to lie? Well, Mr. Turner alleged, and various witnesses as well, that she was very angry over him ending the relationship, that there was a big fight, and that she was very angry and that she was out to get him. And so, I mean, parents have substantial influence over their children. They can influence them for good or for bad to do good things and to do bad things. And Mr. Turner alleges that that's what happened in this case, and counsel should have investigated that. If I'm hearing a jury trial and this evidence comes out that these two people didn't like each other, and then someone starts trying to argue that because they didn't like each other she fabricated these allegations and told her son that her son fabricated the allegations to the police and that the son lied on trial, I would say, hold on a second, that's not, you're not arguing that to this jury, because you're taking, you know, technological leaps there that aren't supported by the evidence. I mean, certainly you could say they have bad blood and that's why she lied, but then to put into evidence it through argument where there's no evidence of it, that people are fabricating testimony based on assumption and innuendo, I just don't know how that gets argued before this jury unless there's evidence that she actually made these fabrications. Well, Your Honor, the fact of the matter is that trial counsel did not investigate. He did not, and you say that he didn't investigate because we don't have any fact, we did not have a hearing to make that determination, is that correct? Correct, so we have to take Mr. Turner's allegation that he did not investigate as true, Your Honors. Your Honors, I would like also to address the affidavit issue if I will. Your Honors, I filed a motion to cite People v. Kirkpatrick on April 19th. I did not get a ruling, but if you would permit me to argue that case. You may do so, but I don't think we got the motion transmitted to us, but you may, we're all aware of the case. Okay, Your Honors, you should find that the state has forfeited any argument that Mr. Turner's petition is fatally defected by the fact that he did not have a notice stamp on his affidavit. Your Honor, this court decided in People v. Kirkpatrick that once the state moves to dismiss at the second stage and does not argue this issue, that it becomes moot. Your Honor, and that is exactly what happened in this case. This case proceeded to the second stage of post-conviction proceedings, and the state did not bring the issue up. If they would have brought the issue up, it could have been remedied at the second stage of proceedings. The court could have even sworn Mr. Turner right there to his petition, but the state did not bring it up. And so the issue, as you correctly held in People v. Kirkpatrick, is forfeited at this point. Your Honor, the forfeiture laws apply both to the defendant and to the state, and so the state has waived this issue. Your Honor, the Supreme Court has also long held that arguments raised for the first time on appeal are waived. And if this court finds that the issue is not forfeited, Your Honor, then we would argue that Mr. Turner did substantially comply with the affidavit requirement, given the fact that he was incarcerated representing himself pro se, Your Honor, and given the fact that the purpose of the affidavit requirement was also met in this case. Your Honor, People v. Henderson talks about how there are limitations at the prison, that sometimes petitioners don't have access to notaries or things of that nature, Your Honor, and that's exactly the case that we have. We have a pro se petitioner. Okay. When the Supreme Court defined what an affidavit was, earlier, when this started to happen, as opposed to having the 1-109, we should have affidavits, did the Supreme Court talk about accessibility? And I think, I'm going to tell you the answer is no. So why, and I know that Henderson did, but if the Supreme Court doesn't tell us to look at it, why should we? Your Honor, I'd like to ask the court to take additional notice that this issue is pending right now before the Illinois Supreme Court. Do you have the name of the case, by the way? People v. Cruz. Cruz? Yes. C-R-U-Z, probably? Yes. Okay. People v. Cruz. All right, you may summarize. Okay. Your Honor, and so we'd ask this court to reverse this clause for an evidentiary hearing, Your Honor, on the merits of the case. Thank you. You'll have your opportunity for rebuttal. Thank you. Ms. Kripke. Yes. May it please the court, Joan Kripke, on behalf of the people of the State of Illinois Council. Just before, it's Jose Cruz, 2011, IL-AM, first 09-1944, it's a rule 23. Thank you. You're welcome. I want to briefly touch on the merits argument and spend most of my time discussing the procedural issue, which I think is the more salient issue in this case. Just briefly on merits, we made a waiver argument. I'm not totally conceding it. I just don't remember the record well enough to have understood why I said that it was waived. I don't know if I felt that there wasn't enough information, but it could be that I was in error. And if I am, I apologize to the defendant and I apologize to the court. I just don't remember anymore. I'm sorry about that. You're talking about the forfeiture argument on the trial counsel? I said that they had waived their argument. For some reason, I don't know. And the effective assistance of trial counsel? Correct. And I'm probably incorrect on that. I just don't remember. Well, let's talk about her argument. Right. Well, let me ask a question. Okay. There was certain information available to defense counsel, but we have no evidence that he did any investigation because there wasn't a hearing. Right. And we also don't have any evidence that perhaps he did investigate. And that's because at the second stage, the burden is on the defendant to make a substantial showing supporting his petition. So the defendant is saying, these six people all, we have the police reports. They're mentioned in the police, or excerpts. They're mentioned in the police reports. We also have his counsel. What the defendant was obligated to do at the second stage was to go to each of those people and say, I need an affidavit from you to swear with a notarization that this is fabrication. And say, or no, excuse me, that defense counsel never came to you and investigated. And I need an affidavit from you or that you called defense counsel and said, hey, I want to talk to you. I've got something to say. And the guy said, forget it. I'm not coming out. Whatever it is. Now, let's say he tried to get those people to give affidavits. Those affidavits would substantiate and would fill in this logical leap that we have people who said something, therefore it wasn't investigated because you have to take it as true. At this stage, they have to make a substantial showing. And so what they needed to do is either have affidavits from those people that said trial counsel never came out and investigated, even though I asked him or I didn't ask him, but he never contacted me. And if those people refused to give an affidavit to the defendant, then he had to file his own affidavit saying I tried and they refused. That's how he gets to his evidentiary here. So the police report with their names and the synopsis possibly of what they were aware of is not going to be enough. That gets him his gist. It's an allegation. That's your first. That's his first thing. We're past that. We're at the second stage. The burden is on them. And that's the only – there are a couple of other notes. I said at one point she said there was – Ms. Payman said there was a motive to lie. Let's say there was, but there were two other boys who testified, including the defendant's son, and their testimony was brought in as modus operandi testimony because they said the exact same things. They brought a cell phone, the bank account, clothing, and where they were touched on their bodies and everything else, exactly the same from all three. So you may even come in with a motive to lie, but you've got these two other witnesses that have nothing to do with Janet and having the hots for the defendant. They're two other boys who came in with corroborating type of testimony. Now, may I go to the certification issue? Yes. Okay. This is – well, first of all, and I'm not hanging my hat on this argument. I'm just bringing it out. When the appellant does not bring an argument in this petition, it is forfeited on review. We are the appellee. It's not the same type of back and forth. Now, the defendant – But the purpose of an appeal is to determine if errors were made at the trial court level. Okay. If we don't have any discussion of this issue at the trial court level, how can we decide if the trial court was correct or not correct? Because there's a statutory obligation in this case which sets it apart from other cases. If I could, I kind of have what I think is a logical argument here. First of all, the defendant knew that his – or should have known on appeal that his petition was not verified. He needed to front that to this court in his brief and say, excuse me, our petition was not verified by affidavit, but you know what? The state has waived the argument by not bringing up – that's not my main argument. Well, let's talk about strategy. Why would – I've got a weak point here. State, let's throw a spear in it. Because it's called honesty. Because it's a way of coming and blocking. It's a good defense. The best defense is a good offense. It's a way of coming in. It's who brings it up first. Pardon me? The rule isn't who gets there first. Okay. So let's go on to your better argument. Well, let's go on to the – I'm building up to the crescendo argument. Okay. All right. The defendant relies on People v. Kirkpatrick and the concurring opinion in NITS. Both of those cases throw out terms such as mootness and non-justiciability, which I can't really pronounce. But neither case defines what either of those terms mean. And those – and they're sort of interchanging them as it means waiver or forfeiture or it's moot or it's non-justiciable. And that's not correct. Here's a definition of what moot really means. And I'm taking this from People v. Henderson, 2011 ILAP First, 090923, paragraph 9. It's a 2011 case. Illinois appellate courts generally will not review moot issues. The purpose of the rule is for courts to avoid considering cases where the parties no longer have a personal stake in the outcome. That clearly is not the case here. The defendant clearly has a personal stake in the outcome of this case. How did the state not forfeit this issue by not raising it in the trial court? This is why we have not forfeited. And I'm going to skip through to Beauclair. And this is the difference between our case and what went on in Beauclair. In Beauclair, the court came out and said at the first stage of a petition, the trial court may not dismiss a petition untimely. And the reasoning behind it, as explained in Beauclair, was what if there's really a salient issue in there that needs to be addressed? So we're going to send it up to the second stage. And the state, in its role as an officer of the court, should come in at that point, waive any kind of timeliness issue, and say, as officers of the court, we believe this issue should be addressed and whatever should go on with the post-conviction petition. If the state fails to make that argument or does not waive the argument because they don't believe there's a salient issue, then the state is obligated, per Beauclair, to raise the timeliness issue at the second stage. And if they don't, then they said, well, you have now forfeited it and cannot raise it on appeal. But let's go back to see why they made that decision. And you have to go back to the underlying case, which is People v. Wright. What happened in People v. Wright was there was a timeliness issue. The state did not front it at the second stage. But on appeal, they said, as attorney, we are allowed to bring up anything of record. And this is of record. You look at it. You count the days. The petition was late. And what Wright said was, well, yes, that's true. But under 122-1C, which defines the timing of when the petition may be filed, it has an exception. And what the exception says is, or if it wasn't due to the culpable negligence of the defendant that it was not timely filed. And because the state did not raise it at the second stage, the defendant was unable to bring in his culpable negligence argument had he had one. And, therefore, that was not of record. And, therefore, the state has forfeited. So what you have to do is look at where's the language that talks about the verification of the petition. That comes under 122-1B. That language is very, very clear. There is no exception under that language. And what that language says is that the proceeding is commenced when the party files a petition verified by affidavit, period. There's no exception to it. So, therefore, it's not jurisdictional. This court has held that it's not jurisdictional. But we're not talking about forfeiture on jurisdiction. We're talking about forfeiture because they failed to raise the argument. But the difference between this is there is no catch-all. Why did they allow this timeliness issue to go on in Beauclair? Because the court is looking and saying, is this really fair? The person shouldn't be caught in this gotcha kind of situation where they have a valid argument. But what's the difference here with so why don't you say to me, well, come on, isn't it just somebody putting a stamp on it? What does that really mean? What it really means is that's the basis to the petition that's coming before the court. It's talking about the veracity of the pleadings. So if you let everything slide. And the language of 1109 says that for all intents and purposes, this is an affidavit. Yes, but didn't we just decide that it doesn't matter what it says? Because the Supreme Court has ruled 1109 verifications don't count. They just don't count. So our finding in NITS is incorrect then because in NITS we sent it back because there was ineffective assistance of counsel. Unreasonable. Well, yeah, that post-conviction petition, I mean, the equivalent. Unreasonable assistance of counsel on a post-conviction petition for not catching that error. So how NITS, based on your argument, NITS is wrong. Well, I did NITS. And I do take issue with NITS. I understand NITS because what happened in NITS, unlike this, well, the same thing happened in this case. Both people filed unverified petitions. And the court didn't catch it in either case. And then they appointed counsel. And I argued in NITS, but it was rejected. I said, okay, you never had the authority to even appoint counsel to sentence of the second stage because you never commenced the action. Sure sounds jurisdictional to me. Well, I've also argued jurisdiction. And that argument also has been rejected by the court. I'll be happy to take my hat on jurisdiction. Let's get to some of the arguments that might have been rejected already then. I mean, because we're talking about jurisdiction in NITS. Right. But so what you NITS said was, okay, so we appointed counsel. It may have been an error, but now the guy's got counsel. And counsel screwed it up, so we're sending it back. Somebody get it right. Okay? So this, I didn't write it. You wrote it. I argued the other way. And I'm still trying to find out where Justice McClaren and Justice Burkett and I mixed forfeiture, rudeness. There is a paragraph where the state argues something, and we cite that. But I can't. I've got it in front of me here. I'm looking on page ‑‑ paragraph 27. It starts on page 11. And the part that I have highlighted goes on to say, once the state moves to dismiss on the merits and not challenge the alleged procedural defects. No, that's not it either. That's not it. It's in here. Are you sure? Yeah. Yes, yes, yes. It's in here. Somewhere in here. Oh, there you go. But it's there. Wait a minute. Let me find my argument, because I might have put it in my argument. It's in there. You do use the language of mootness. And nobody defines it. And people be Kirkpatrick. No, I didn't put it in the same way. It's in there. I'll keep looking. Okay. But if I don't find it, we'll make sure I note that. Or it is noted, rather. Okay. Now, the other issue on mootness. Now, so what they say, NITS also uses the word mootness. And NITS also talks about non-justiciability, also without defining the terms. So I have two definitions of justiciability here. One definition is from a case from this court called People v. Milwaukee, which came out in 2010. And it's relying on a quote from Belfield-Toyota, 199-02-325-334-35, page 2011, or year 2011. And Milwaukee is 404-169-172, and that's a 2010 case. And here's the cite. A justiciable matter is a controversy appropriate for review by the court in that it is definite or concrete as touching as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse interests. This is a justiciable case. Your argument, this is justiciable and it's not moot. That is correct. Let's say we agree with that. Let's go back to forfeiture. Okay. Well, then I also want you to look at the other justiciable definition, which comes also from a case from this court called Inouye-Gilberto O, 375-3, 728-730. It's a second district case from 2007. That case talks about justiciability in terms of a case that's ruled by a statute, which is what we have here. Our legislature may define a justiciable matter in such a way as to preclude or limit the authority of a circuit court. When a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction, and any court exercising jurisdiction over such matters must proceed within the stricture set forth in the statute. And what this statute says is you must have a verified petition to commence the proceeding in this case. And there's no catch-all. There's no way to help the defendant out. Well, I'm also not in a position to help the state out. That's not my job. Excuse me? I'm not. As a trial judge, I'm not there to help the state out either. The state has a mouth. The state has pens and pencils. They can bring it to the court's attention. And if they don't, why is it it's not forfeited? It's not forfeited because Beauclair is forfeiting for a very specific reason, because there's something that's not of record. This is of record. It's clearly of record. But it's inconsistent with the policy of what a post-conviction petition is supposed to do. A post-conviction petition, the very first thing that has to be done, it cannot be commenced without verification. I don't understand why the court is objecting to following guidelines which set a level playing field for everybody. Why can't the defendant be held to a standard that the legislature has set up in the statute? Why do you – I mean, yes, we should bend over backwards for defendants and so forth. Excuse me? Our job is to interpret, and legislation does not always understand the realities that we do as trial judges of the law. Okay, so tell me how you interpret a mandatory declaration that something shall be verified. Well, the Supreme Court did it. The Supreme Court recently did it when they said that you can have substantial compliance in notifying of the 431 issues. I mean, it happens all the time. It says jurors shall be asked, and they say, well, it's okay, as long as it's substantially complied with. So, I mean, we're – I'm not going to argue this point much longer because I'm sure my colleagues have other questions and your time is about up. But it can be done and it is done because policy mandates it. That may be true, but the policy at some point also mandates that the very essence of a petition, of any pleading that comes before a court, must be truthful. There has to be some way, and if you let that slide and then you let the timeliness slide, what are you left with? Well, you're left with what the Supreme Court talks about, and they had a second-stage consideration on whether the petition complies with procedural rules. In People v. Perkins, the Supreme Court has specifically said that we're not going to throw these petitions out because of violation of procedural rules. Your argument – again, to me, it always goes back to jurisdiction. You're basically saying these rules are there. They're for a reason, and therefore, if you don't follow the rules, you don't have jurisdiction. Well, I mean, we said in this we have jurisdiction, so let's assume that's correct. If we have jurisdiction over the matter, then why can't we follow the Supreme Court's guideline and guidance in saying, let's deal with procedural stuff in the second stage, where the state can object to it, and it can be remedied. Like timeliness, the state could object, and then the defendant could come in with an affidavit saying why the timeliness should be excused. Here, the state objects. The defendant can choose to verify it or not, depending on whether he wishes to subject himself to perjury. Well, because I'm going to go back to where Beauclair came up with this reasoning from. You're just equating it with Beauclair. You're saying subsection B equals subsection C, and that is not what happened in Wright. They said the only reason the people can't raise it on appeal, and it has been forfeited, is because all the facts aren't before the court because the defendant could have argued lack of culpability for failing it late. And there is no catch-all phrase. There is no alternative under subsection B. It is a mandatory, you must do this. But let me point out, let's say that the trial court at the first stage had been doing its job, and what they should do is get these petitions, flip to the back, go, no notification, it's out of here. I thought it would be without prejudice because they could fix it. Right, and that's great. But nobody gave it a chance to be fixed in this case or in several other cases that have been discussed. I've been making this argument for years, and it has been routinely ignored, not even shot down, just ignored by this court. I mean, I'm talking years that I've been trying to get this argument out. It finally came out in one of my colleagues' cases because it was decided before one of mine. But let's go back to what we relied on when I and my colleagues started arguing this. If you go back to Roth versus somebody or other insurance, I mentioned it's Roth. It's one of the cases where they were talking about verification of an affidavit. And what happened in that case, and we talk about egregiousness, in that case, a defendant's counsel filed one of those notifications that were going to appeal, that they don't file a PLA, which they don't have anymore. And those had to be verified by affidavit. They had to be notarized. But they didn't notarize it. So they filed the thing, and then they filed their PLA. And the court took the PLA, and now they're in the middle of a hearing on the petition. The case is now going before the Supreme Court. And the other side goes, you know what, you don't have jurisdiction over this case. Why don't you have jurisdiction? Because they never verified the initial notification to you, and therefore, everything falls in a domino-like fashion after that. I mean, and this is the ruling. This has never been overturned. Pre-Belleville-Toyota or post? I think it's probably pre. There's your answer. All right. Miss Griffey, if you would please summarize. In terms of the merits argument, we believe that at this stage, the defendant had to make a substantial showing by coming with either affidavits from the people who he said were going to say that his counsel had never investigated, and if they would not do that, then he had to file his own affidavit saying, I tried to get these affidavits. I was incapable of doing it. That's what makes the logical leap to show whether or not that fills in the gaps for us of whether or not there actually was ineffective assistance to the counsel or whether or not the counsel actually went out to investigate. In terms of the certification, I strongly believe that an affidavit has to be certified. It has to come in. It has to have some way of saying to the court that they're making allegations against their counsel, basically, is what they're doing this. They're coming in and saying the court did me wrong. They didn't find me guilty beyond a reasonable doubt, or I received the ineffective assistance of counsel. Basically, that's what's coming in. They're coming after their lawyers, after their lawyer. They're coming after the court after they've gone through many, many court proceedings. One would think that the court, at this point, after all these proceedings have been accorded to the defendant, that at this point the least he could do is get someone to put a stamp and say, to verify that he's coming and bringing a petition before the court within honesty and truth. And that seems to be only fair to the lawyers who are being attacked, to the court that's being attacked, to the jurors that may have sat through a trial and made a decision in good faith. And because of that, and also because of the way Bill Clair was decided when they talk about forfeiture, what the court should look at is say that catch-all phrase that allows the defendant some leeway under subsection C, there is no catch-all. There is no way to help out the defendant under subsection B, and therefore the reasoning of Bill Clair simply does not apply in this case. And finally, if the court at the first stage had gone and come and looked at the petition and said, look, it's not verified, it's dismissed without prejudice, you can go try again. And that's the way these cases should be proceeding. The real fault here is not the state for necessarily not bringing something up at the second stage of proceeding a gazillion years later. The problem lies with the trial courts that have to be more diligent and looking at these proceedings, not just tossing them here and tossing them there, and looking to see what the rules are and following through and applying the rules. Thank you. Thank you. Ms. Payman. Thank you, Your Honors. I have two quick points to make. Counsel argued that Mr. Turner's petition was not supported by affidavits. Your Honor, the Act requires affidavits or other evidence, other documents, records, and things of that nature. Your Honor, here we have a signed, handwritten police statement and excerpts from the police reports. Your Honor, and these are documents that show the allegations, Your Honor. So Mr. Turner's petition is supported by other evidence and records, Your Honor. Also, Your Honor, Kirkpatrick is dispositive of this issue regarding the affidavit requirement. It is the most recent authority from this court, and it is well-reasoned, Your Honor. And one of the things mentioned in Kirkpatrick is fairness, and this would be unfair to find that Mr. Turner's petition at this point is faintly defective because of the lack of a notary stamp, when the state could have mentioned this at the second stage when it could have been remedied. This goes against the spirit of the Act, which allows petitioners to get the substance of their claims heard. And in this case, it would be totally unfair because Mr. Turner was incarcerated, and he tried his best to comply with the Act. Well, the state's position isn't even, you know, it's the court's fault. What's your position on the trial court should be more careful and read the rules? When you mean the trial court? I think the state's position is that trial courts, you're not doing what you're supposed to do. You're not flipping it over and going, oh, it's not notary, and throwing it back. What's your position on that? My position on that, Your Honor, is that when this petition was during proceedings, people versus car had not been decided yet. And so nobody was aware that this was a fatal defect, the lack of a notary stamp. Nobody, the state didn't bring it up, the trial court didn't bring it up, and Mr. Turner did not stamp his petition. And in fact, Mr. Turner was represented by counsel for four months, and counsel never even got his petition notarized because people versus car had not come down yet. And that was the very first case that said that the lack of the notary stamp would be fatal to the petition. And so it would be unfair under these circumstances where we have an incarcerated pro se petitioner bringing his claims forth to the court, Your Honor. And also, I'd like to mention that the whole purpose of a notary stamp is so that the person's identity can be verified. It's to guard against fraud, Your Honor. And in this case, we have the petitioner himself representing himself before the court. So his personal presence satisfies what the notary stamp would have done and basically says, this is the person who brought the allegations. This is the same person. His identity was clear before the court, Your Honor. So I'd ask that this court find that the state has forfeited the issue. And if not, that Mr. Turner substantially comply with the affidavit requirement under these circumstances. And if this court has no further questions, we'd ask this court to reverse and remand this cause for an evidentiary hearing. Thank you very much. All right, thank you, counsel, for your arguments. We'll take the matter under advisement. A decision in due course will be rendered, and we now stand adjourned. Thank you.